IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CASE NO. 3:06-CR-350-P |
| | § | |
| KENDRIX T. RAY        (11) | § | |

PLEA AGREEMENT WITH WAIVER OF APPEAL

Kendrix T. Ray ("Defendant"), Kelly Pace, Defendant's attorney, and the United States of America ("Government"), agree as follows:

1. Rights of Defendant: Defendant understands that he has the rights

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. against compelled self-incrimination.

2. Waiver of Rights and Plea of Guilty: Defendant waives these rights and pleads guilty to the offense alleged in Count One of the indictment charging a violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii), that is, conspiracy to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance. Defendant understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual resume he has signed is

true and will be submitted as evidence.

    3.    Sentence: The penalties the Court can impose include:

        a.    imprisonment for a period not less than 10 years and not more than life;

        b.    a fine not to exceed $4,000,000, or twice any pecuniary gain to the defendant, or twice any pecuniary loss to a person other than the defendant;

        c.    a mandatory term of supervised release of not less than 5 years which must follow any term of imprisonment. If Defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

        d.    a mandatory special assessment of $100;

        e.    restitution to victims or to the community, which may be mandatory under the law, and which Defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

        f.    costs of incarceration and supervision.

        g.    forfeiture of property.

    4.    Court's Sentencing Discretion and Role of the Guidelines: Defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Defendant has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Defendant will not be allowed to withdraw his plea if his sentence is higher than expected. Defendant fully understands that the actual sentence

imposed (so long as it is within the statutory maximum) is solely in the Court's discretion.

5. <u>Mandatory Special Assessment</u>: Prior to sentencing, Defendant agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6. <u>Defendant's Agreement</u>: Defendant shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

7. <u>Government's Agreement</u>: The Government will not bring any additional charges against Defendant based upon the conduct underlying and related to his plea of guilty. The Government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. The Government will dismiss, after sentencing, any remaining charges in the pending indictment. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Defendant or any property.

8. <u>Violation of Agreement</u>: Defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections

based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Defendant also waives objection to the use against him of any information or statements he has provided to the Government, and any resulting leads.

9. <u>Voluntary Plea</u>: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. <u>Waiver of Right to Appeal or Otherwise Challenge Sentence</u>: Defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11. <u>Representation of Counsel</u>: Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement.

Because he concedes that he is guilty, and after conferring with his lawyer, Defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12.  Entirety of Agreement:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 27 day of ~~March~~ APRIL, 2009.

_____
KENDRIX T. RAY
Defendant

JAMES T. JACKS
ACTING UNITED STATES ATTORNEY

_____
JAY DEWALD
Assistant United States Attorney
Texas State Bar No. 24001990
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214.659.8600
Facsimile:  214.767.4913
E-mail:   jay.dewald@usdoj.gov

_____
KELLY PACE
Attorney for Defendant

_____
JERRI SIMS
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____
KENDRIX T. RAY

4/17/09
Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____           _____4/17/09_____
KELLY PACE                                                    Date
Attorney for Defendant