IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | Case No. 3:06-CR-350-P(11) |
| KENDRIX T. RAY | § | |

**DEFENDANT'S MOTION AND QUESTIONNAIRE
FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582©**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** KENDRIX RAY, Defendant in the above entitled and numbered cause by and through the undersigned attorney and files this Motion and Questionnaire for Reduction of Sentence Pursuant to 18 U.S.C. § 3582© and would show the Court as follows:

**I.
QUESTIONNAIRE**

1. Mr. Ray was sentenced in the above entitled and numbered cause by the Honorable Jorge A. Solis, United States District Judge.

2. Mr. Ray was sentenced on December 1, 2010, to 180 months with five (5) years supervised release.

3. Mr. Ray is currently in prison for this sentence.

4. Mr. Ray's current projected release date is February 24, 2022.

5. Mr. Ray is participating or completed the following programs:

   a)   High School Diploma

  b) welding certificate in Stage I and Stage III. This resulted in certification as a welder.

  c) Mr. Ray is now working at "UNICORE" which is a job where he uses his welding certificates, and the steady work increases his expertise. He has been employed in this capacity for 30 months.

  d) Mr. Ray has completed numerous education and math classes and obtained many certificates which are attached hereto as Exhibit 'A' and incorporated herein by reference for all purposes.

  e) Mr. Ray has received no major disciplinary actions while incarcerated.

  f) Mr. Ray has been approved for the Residential Drug Abuse Program (RDAP) but will not be allowed to begin participation until 48 months from release.

6. Mr. Ray is not currently on supervised release.

7. Mr. Ray is not currently in prison because he violated his supervised release.

8. Mr. Ray is not currently on appeal.

9. Mr. Ray was convicted on 21 U.S.C. § 846 (Conspiracy to Possess with Intent to Distribute and Distribution of a Controlled Substance under 21 U.S.C. §841(a)(1).

10. Mr. Ray's conviction did involve distribution and possession with intent to distribute a controlled substance.

11. The Court did refer to the applicable sentencing guideline range and to the offense level for the controlled substance found in the drug quantity table of §2D1.1( c) of the United States' Sentencing Guideline.

12. The sentence was not based on an agreement with the Government for a specific sentence.

13. Mr. Ray refers the Court to ¶5 Supra for his rehabilitation efforts under 18 U.S.C. §3553(a) in deciding whether to grant a sentence reduction.

## II.
## RELIEF REQUESTED

Mr. Ray's original guideline range was a Level 34 with a Criminal History Category VI. However, the Government filed a 5K1 Substantial Assistance Motion on behalf of Mr. Ray requesting a 2 Level reduction. After a hearing, the Court found that the Substantial Assistance was worth a 4 Level reduction rather than a 2 Level reduction and reduced Mr. Ray's Offense Level to a Level 30 and a Criminal History Category VI for a sentencing range of 68 to 210 months. The Court then sentenced Mr. Ray to 180 months. With the application of the 2014 retroactive guideline amendment, Mr. Ray's Total Offense Level would be a Level 28 and the applicable guideline range would be 140 to 175 months.

Mr. Ray moves the Court under 18 U.S.C. § 3582( c)(2) for an Order reducing Mr. Ray's term of imprisonment from 180 months to 140 months based on the retroactive guideline amendment, and the above 18 U.S.C. §3553(a) factors.

## III.
## JURISDICTION

This Court has jurisdiction to modify the Defendant's sentence now under the plain language of 18 U.S.C. § 3582(c)(2) which provides:

" in the case of a defendant who has been sentenced to a term of imprison based on a sentencing range that has been subsequently been lowered by the sentencing commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant, the

>Director of the Board of Prisons, or it's own motion, the Court may reduce the term of imprisonment, after considering the factors set forth in §3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

The predicate conditions conferring jurisdiction are met in this case. Mr. Ray was sentenced based on his sentencing range that was subsequent lowered by the Sentencing Commission on November 1, 2014. (See U.S.S.G. App. C, Amendment 782.) The Sentencing Commission probably gave the policy statement making the reduction retroactive. Amendment 782 became effective November 1, 2014. (See U.S.S.G. §1(b)1.10. Mr. Ray acknowledges that pursuant to the special instructions at §1(b)1.10(e) the effective date of any order reducing the term of imprisonment will not be effective until November 1, 2015.

**WHEREFORE, PREMISES CONSIDERED**, Mr. Ray respectfully requests that this honorable Court grant the motion of reduction of sentence pursuant to 18 U.S.C. § 3582( c)(2) and reduce Mr. Ray's sentence to 140.

>Respectfully submitted,
>
>LAW OFFICES OF R. KELLY PACE
>435 S. Bois D' Arc
>Tyler, TX 75702
>(903) 526-6777 Telephone
>(903) 526-7336 Facsimile
>
>
> /S/   ROBERT KELLY PACE
>Robert Kelly Pace
>State Bar No.: 15396025

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served to the U.S. Attorney's Office, via ECF on the 23rd day of June, 2015.

/S/ ROBERT KELLY PACE
Robert Kelly Pace

## CERTIFICATE OF CONFERENCE

I, R. Kelly Pace, certify that I spoke with the U.S. Attorney's Office regarding the filing of this motion. The Government takes no position until the U.S. Probation Officer files their worksheet.

/ S / ROBERT KELLY PACE
Robert Kelly Pace